# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT A. LINCOLN, and MARY O. LINCOLN, his wife,

    Plaintiffs,

        v.

MAGNUM LAND SERVICES, LLC, et al.,

    Defendants.

CIVIL ACTION NO. 3:12-cv-576

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Notice of Removal by Defendants Chesapeake Appalachia, LLC, Chesapeake Energy Corporation, and Statoil USA Onshore Properties, Inc. (Doc. 1), as well as their Amended/Supplemental Notice of Removal (Doc. 5). Because these Notices of Removal fail to establish that the Court has subject matter jurisdiction over this action, it will be remanded to state court unless the Defendants can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs, residents of Virginia Beach, Virginia, originally filed this action in the Court of Common Pleas of Wyoming County, Pennsylvania on December 30, 2011. In their Complaint, Plaintiffs bring a state-law action to quiet title to 191 acres of land in Wyoming County, Pennsylvania. Specifically, they request a decree that a purported lease on the land and its subsequent assignment was invalid, and that the Plaintiffs are the owners in fee simple absolute. On March 29, 2012, the same day the Plaintiffs filed their Amended Complaint in the Common Pleas Court, Defendants Chesapeake Appalachia, LLC,

Chesapeake Energy Corporation, and Statoil USA Onshore Properties, Inc. removed the action to the Middle District of Pennsylvania.[1]  (Doc. 1.)

In their original notice of removal,[2] the Defendants aver that complete diversity exists in this action as: (1) "[t]he Plaintiffs are residents of Virginia Beach, Virginia"; (2) "Magnum is a Michigan limited liability company"; (3) "Sinclair is a Utah company"; (4) "Belmont is a Michigan limited liability company"; (5) "Chesapeake Appalachia, L.L.C. is an Oklahoma limited liability company, and whose residence is determined by the residence of its sole member, Chesapeake Energy Corporation which is an Oklahoma corporation with a principal place of business in Oklahoma"; and (6) "Statoil is a Delaware corporation with a business address of 2103 CityWest Boulevard, Suite 800, Houston TX 77042."  (Notice of Removal at ¶¶ 12-17.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).  The removing Defendants allege that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand

---

[1] The three additional Defendants, Magnum Land Services, LLC, Belmont Resources, LLC, and Sinclair Oil & Gas Co. have consented to removal of this action. (Defs.' Exs. G & H to Notice of Removal; Defs.' Ex. B to Am./Supplemental Notice of Removal.)

[2] The Court focuses on the allegations of diversity in the original Notice of Removal as the Amended/Supplemental Notice of Removal only confirms that "this is an action between citizens of different states."  (Am./Supplemental Notice of Removal at ¶ 10, Doc. 5.)

dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

    **A.**    **The Plaintiffs' Citizenship**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232

U.S. 619 (1914).

To the extent the Notice of Removal alleges that the Plaintiffs "are residents" of Virginia Beach, Virginia, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). The Court therefore finds that Notice of Removal has not properly demonstrated Plaintiffs' citizenship for the purposes of diversity jurisdiction.

### B. Limited Liability Company Citizenship

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of two of the three Limited Liability Companies–Magnum Land Services, LLC and Belmont Resources, LLC. The Notice of Removal specifically states that Defendant Magnum Land Services, LLC "is a Michigan limited liability company" and that Belmont Resources, LLC is also a "Michigan limited liability company." (Notice of Removal at ¶¶ 13, 15, Doc. 1.) However, as to Chesapeake Appalacia, LLC, the Defendants elaborate more fully, describing it as "an Oklahoma limited liability company, and whose residence is determined by the residence of its sole member, Chesapeake Energy Corporation which is an Oklahoma corporation with a principal place of business in Oklahoma" (*Id.* at ¶ 16.)

As the moving Defendants explicitly acknowledge in their averment as to Chesapeake Appalachia, LLC, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma*

*Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (explaining that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens."). Therefore, as the Notice of Removal fails to allege facts regarding the citizenship of the members of either Magnum Land Services, LLC or Belmont Resources, LLC, the Court cannot determine that diversity jurisdiction applies to these entities.

### C.     Corporate Citizenship

The Complaint also fails to properly allege the citizenship of two of the three corporate parties–Sinclair Oil & Gas Co. and Statoil USA Onshore Properties, Inc. This is because a corporation may have more than one state of citizenship, specifically "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, a corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

The Notice of Removal states that Sinclair Oil & Gas Co. is "a Utah company." (Notice of Removal at ¶ 14, Doc. 1.) While this presumably means that Sinclair is incorporated in Utah, this statement is insufficient as it does not aver Sinclair's principal place of business. The Notice of Removal also avers that Statoil USA Onshore Properties, Inc. "is a Delaware corporation with a business address of 2103 CityWest Boulevard, Suite 800, Houston TX 77042." (Id. at ¶ 17.) While this also appears to allege Statoil's state of incorporation, it does not properly allege its principal place of business. Conversely, the moving Defendant's statement as to Chesapeake Energy Corporation is sufficient as it states it is "an Oklahoma corporation with a principal place of business in Oklahoma." (*Id*. at ¶ 16.) Therefore, the moving Defendants will need to revise their Notice of Removal as to Sinclair and Statoil in order to establish a proper basis of diversity jurisdiction.

### III. Conclusion

The moving Defendants' notices of removal fail in several ways to properly set out the citizenship of these allegedly diverse parties. In particular, they lack the necessary allegations as to the Plaintiffs' domicile, the citizenship of the LLCs' member entities, and the principal places of business for the corporate entities. Therefore, as the moving Defendants have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rules of Civil Procedure Rule 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Defendants will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, the moving

Defendants will be given twenty-one (21) days in which to file a second amended notice of removal.  Failure to do so will result in the action being remanded to the Court of Common Pleas.  An appropriate order follows.


| April 4, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |